Leah C. Lively, OSB No. 962414
leah.lively@ogletreedeakins.com
Amanda A. Bolliger, OSB No. 103452
amanda.bolliger@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
The KOIN Center
222 SW Columbia Street, Suite 1500
Portland, OR  97201
Telephone:     503.552.2140
Fax:     503.224.4518

Attorneys for Defendant JPMORGAN CHASE BANK, N.A.


Thomas F. Spaulding, OSB No. 85003
tspaulding@spauldingpotter.com
SPAULDING & POTTER LLP
621 SW Morrison Street, Suite 140
Portland, OR 97205-3804
Telephone: (503) 223-6901
Fax: (503) 222-5779


## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| GEETEE ARJANGRAD,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A. A WHOLLY-OWNED SUBSIDIARY OF **JPMorgan Chase & Co., a Delaware corporation,**<br><br>Defendant. | Case No.: 3:10-cv-  1157-PK<br><br>Plaintiff Geetee Arjangrad and Defendant JPMorgan Chase Bank, N.A.'s<br><br>**PROPOSED JOINT JURY INSTRUCTIONS** |

Pursuant to the Court's Jury Trial Management Order, the parties have conferred regarding jury instructions and submit the following Proposed Joint Jury Instructions.  The parties respectfully reserve the right to submit additional instructions during the course of trial in response to issues that may arise.

Page 1 - PROPOSED JOINT JURY INSTRUCTIONS

**AGREED UPON INSTRUCTIONS**

| No. | Instruction | Title |
|---|---|---|
| 1. | 9th Circuit 1.1A | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) |
| 2. | 9th Circuit 1.1B | Duty of Jury (Court Reads Instructions Only) |
| 3. | 9th Circuit 1.1C | Duty of Jury (Court Reads and Provides Written  Instructions At End of Case) |
| 4. | 9th Circuit 1.2 | Claims and Defenses |
| 5. | 9th Circuit 1.3 | Burden of Proof - Preponderance of the Evidence |
| 6. | 9th Circuit 1.6 | What Is Evidence |
| 7. | 9th Circuit 1.7 | What Is Not Evidence |
| 8. | 9th Circuit 1.8 | Evidence for Limited Purpose |
| 9. | 9th Circuit 1.10 | Ruling On Objections |
| 10. | 9th Circuit 1.11 | Credibility of Witnesses |
| 11. | 9th Circuit 1.12 | Conduct of the Jury |
| 12. | 9th Circuit 1.13 | No Transcript Available to Jury |
| 13. | 9th Circuit 1.18 | Bench Conferences and Recesses |
| 14. | 9th Circuit 1.14 | Taking Notes |
| 15. | 9th Circuit 1.19 | Outline of Trial |
| 16. | 9th Circuit 2.4 | Deposition in Lieu of Live Testimony |

| 17. | 9th Circuit 2.10 | Use of Interrogatories of a Party |
| 18. | 9th Circuit 2.12 | Charts and Summaries Not Received in Evidence |
| 19. | 9th Circuit 2.13 | Charts and Summaries in Evidence |
| 20. | 9th Circuit 2.8 | Impeachment Evidence - Witness |
| 21. | 9th Circuit 4.1 | Corporations and Partnerships - Fair Treatment |
| 22. | 9th Circuit 10.1C | Alternate Instruction 10.1C - Disparate Treatment - Motivating Factor |
| 23. | 9th Circuit 4.2 | Liability of Corporations - Scope of Authority Not An Issue |
| 24. | | Punitive Damages - General (State Law Claims) |
| 25. | 9th Circuit 3.1 | Duty to Deliberate |
| 26. | 9th Circuit 3.2 | Communication with Court |
| 27. | 9th Circuit 3.3 | Return of Verdict |

**DISPUTED INSTRUCTIONS - PLAINTIFF'S REQUESTED INSTRUCTIONS**

| No. | Instruction | Title |
|-----|-------------|-------|
| 28. | 9th Circuit 1.9 | Direct and Circumstantial Evidence |
| 29. | 9th Circuit 10.1A | Civil Rights - Title VII - Disparate Treatment |
| 30. | 9th Circuit 10.1B | Civil Rights - Title VII - Disparate Treatment - "Sole Reason" - Elements and Burden of Proof |
| 31. | 9th Circuit 10.1C | Civil Rights - Title VII - Disparate Treatment - "Motivating Factor" - Elements and Burden of Proof |
| 32. | | Pretext |
| 33. | | Failure to Follow Policy |
| 34. | | Different Treatment |
| 35. | 9th Circuit 10.3 (modified) | Civil Rights - Title VII - Retaliation - Elements and Burden of Proof |
| 36. | 9th Circuit 10.4A.1 | Civil Rights - Title VII - "Adverse Employment Action" |
| 37. | | Temporal Proximity |
| 38. | | Gender Stereotyping - Sex Discrimination |
| 39. | | Employment Discrimination - Oregon State Law- Conditions of Employment |
| 40. | | Employment Discrimination - Oregon State Law - Substantial Factor |
| 41. | 9th Circuit 5.1 | Damages - Proof |
| 42. | | Damages - Mitigation |

| 43. |  | Comparable Employment |
|-----|--|-----------------------|
| 44. | 9th Circuit 5.5 | Punitive Damages – Title VII and 42 U.S.C. Claims |

## DISPUTED INSTRUCTIONS - DEFENDANT'S REQUESTED INSTRUCTIONS

| No. | Instruction | Title |
|-----|-------------|-------|
| 45. | | Inferences Defined |
| 46. | | Absence of Evidence |
| 47. | | Separate Claims |
| 48. | 9th Circuit 10.1B | Civil Rights - Title VII, § 1981, and ORS 659A.03 - Disparate Treatment - "Sole Reason" - Elements and Burden of Proof (*Race*) |
| 49. | 9th Circuit 10.1B | Civil Rights - Title VII, § 1981, and ORS 659A.03 - Disparate Treatment - "Sole Reason" - Elements and Burden of Proof (*National Origin*) |
| 50. | | Knowledge of the Plaintiff's Race and/or National Origin by the Decision Maker |
| 51. | 9th Circuit 10.1B | Civil Rights - Title VII, § 1981, and ORS 659A.03 - Disparate Treatment - "Sole Reason" - Elements and Burden of Proof (*Sex*) |
| 52. | | Sex Stereotyping |
| 53. | | Same Actor |
| 54. | | Civil Rights - Title VII, § 1981, and ORS 659A.03 - Retaliation - Elements and Burden of Proof |
| 55. | 9th Circuit 10.4A1 (modified) | Civil Rights - Title VII - "Adverse Employment Action" In Retaliation Cases |
| 56. | | Knowledge of the Plaintiff's Protected Activity by the Decision Maker |
| 57. | | Closeness in Time is Not Enough to Prove Retaliation |

| 58. | | Lack of Civility is Not Retaliation |
| 59. | | Business Judgment |
| 60. | 9th Circuit 9.9 (modified) | Causation |
| 61. | | Personality Conflict Does Not Establish Discrimination or Retaliation |
| 62. | 9th Circuit 10.5C (modified) | Civil Rights - Title VII, § 1981, and ORS 659A.03 - Defense - After-Acquired Evidence |
| 63. | 9th Circuit5.1, 5.2 (modified) | Damages - Proof; Measures of Types of Damages |
| 64. | | Items Not to be Considered in Damages Calculations |
| 65. | 9th Circuit 5.1 | Damages Arising in the Future - Discount to Present Cash Value (Alternative) |
| 66. | 9th Circuit 5.3 | Damages - Mitigation (Alternative) |
| 67. | 9th Circuit 5.5 (modified) | Punitive Damages (Alternative) |
| 68. | 9th Circuit 10.1C | Alternate Instruction - Civil Rights - Title VII, § 1981, and ORS 659A.03 - Disparate Treatment - "Motivating Factor" - Elements and Burden of Proof |
| 69. | 9th Circuit 10.3 (modified) | Alternate Instruction - Civil Rights - Title VII, § 1981, and ORS 659A.03 - Retaliation - Elements and Burden of Proof |

Dated this 21st day of June, 2012.

Respectfully submitted,

/s/ Leah C. Lively
**LEAH C. LIVELY, OSB NO. 962414**
Of Attorneys for Defendant

/s/ Thomas F. Spaulding
**THOMAS F. SPAULDING, #85003**
Of Attorneys for Plaintiff

**AGREED UPON INSTRUCTIONS**

**INSTRUCTION NO. 1**
1.1A DUTY OF JURY (COURT READS AND
PROVIDES WRITTEN INSTRUCTIONS)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.  These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.  You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.  It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.  In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.


Source:  NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 1.1A (2007).

**INSTRUCTION NO. 2**

1.1B DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have

an opinion regarding the evidence or what your verdict should be.  It is your duty to find the facts

from all the evidence in the case. To those facts you will apply the law as I give it to you. You must

follow the law as I give it to you whether you agree with it or not. And you must not be influenced

by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide

the case solely on the evidence before you. You will recall that you took an oath to do so.  In

following my instructions, you must follow all of them and not single out some and ignore others;

they are all important.


Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 1.1B (2007).

**INSTRUCTION NO. 3**

DUTY OF JURY (COURT READS AND PROVIDES WRITTEN

INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the

attorneys, it is my duty to instruct you as to the law of the case.  A copy of these instructions will be

sent with you to the jury room when you deliberate.  You must not infer from these instructions or

from anything I may say or do as indicating that I have an opinion regarding the evidence or what

your verdict should be.  It is your duty to find the facts from all the evidence in the case.  To those

facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether

you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

prejudices, or sympathy.  That means that you must decide the case solely on the evidence before

you.  You will recall that you took an oath to do so.  In following my instructions, you must follow

all of them and not single out some and ignore others; they are all important.


Source:  NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 1.1C (2007).

## INSTRUCTION NO. 4

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties: The plaintiff claims that the defendant discriminated against her because of her race, national origin, and sex.  The plaintiff also claims that the defendant retaliated against her because she reported the alleged discrimination.  As a result of the alleged discrimination and retaliation, plaintiff claims that the defendant issued her an overall rating of "Needs Improvement" on her 2009 performance review, placed her on a Written Warning, and/or terminated her employment.  The plaintiff has the burden of proving these claims.

The defendant denies those claims and also contends that it issued plaintiff an overall rating of "Needs Improvement" on her 2009 performance review, placed her on a Written Warning, and terminated her employment for legitimate, non-discriminatory reasons related to plaintiff's poor work performance and behavioral issues.

[The defendant also contends that it would have issued plaintiff an overall rating of "Needs Improvement" on her 2009 performance review, placed on her on a Written Warning, and/or terminated her employment regardless of her race, national origin, sex, and any report of alleged discrimination.][1]

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 1.2 (2007).

---

[1] It is defendant's position that plaintiff should be required to meet a but-for test for causation.  The parties agree that the bracketed language should be included in the event the Court permits plaintiff to utilize a mixed motive test.

**INSTRUCTION NO. 5**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 1.3 (2007)

**INSTRUCTION NO. 6**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed.


Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 1.6 (2007)

## INSTRUCTION NO. 7

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

(5)    Redactions and text that have been blacked out or marked "redacted" by the parties are not evidence.  Redactions have been agreed upon to protect confidentiality of private information of bank customers, individuals and third parties.

Page 15 - PROPOSED JOINT JURY INSTRUCTIONS

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 1.7 (2007) (modified to address redactions).

**INSTRUCTION NO. 8**

**EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Source: Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.8 (2007).

**INSTRUCTION NO. 9**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Source: Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.10 (2007).

**INSTRUCTION NO. 10**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Source: Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.11 (2007).

## INSTRUCTION NO. 11

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as

consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 1.12 (Oct. 2009).

**INSTRUCTION NO. 12**

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 1.13 (2007).

## INSTRUCTION NO. 13

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 1.18 (2007)

## INSTRUCTION NO. 14

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.  Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Source: Ninth Circuit Manual of Model Jury Instructions, Civil, § 1.14 (2007).

**INSTRUCTION NO. 15**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 1.19 (2007).

**INSTRUCTION NO. 16**

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.  Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Source: Ninth Circuit Manual of Model Jury Instructions, Civil, § 2.4 (2007).

**INSTRUCTION NO. 17**

**USE OF INTERROGATORIES OF A PARTY**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Source: Ninth Circuit Manual of Model Jury Instructions, Civil, § 2.10 (2007).

**INSTRUCTION NO. 18**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 2.12 (2007).

**INSTRUCTION NO. 19**

**CHARTS AND SUMMARIES IN EVIDENCE**


Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.



Source: Ninth Circuit Manual of Model Jury Instructions, Civil, § 2.13 (2007).

**INSTRUCTION NO. 20**

**IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness lied under oath on a prior occasion, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.


Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 2.8 (2007).

**INSTRUCTION NO. 21**

**CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

All parties are equal before the law and a bank is entitled to the same fair and conscientious

consideration by you as any party.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 4.1 (2007).

**[ALTERNATE] INSTRUCTION NO. 22**

**10.1C CIVIL RIGHTS—TITLE VII, § 1981, AND ORS 659A.03—DISPARATE TREATMENT—"MOTIVATING FACTOR"—ELEMENTS AND BURDEN OF PROOF**[1]

As to the plaintiff's claim that her [race] [national origin] [sex] was a motivating factor for the defendant's decision to decisions to issue her an overall rating of "Needs Improvement" on her 2009 performance review, place her on a Written Warning, and/or terminate her employment, the plaintiff has the burden of proving by a preponderance that the plaintiff's [race] [national origin] [sex] was a motivating factor in each of these actions.

If you find that the plaintiff has failed to prove this element, your verdict should be for the defendant. If the plaintiff has proved this element, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason.

If, however, the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiff's [race] [national origin] [sex] had played no role in the employment decision, your verdict should be for the defendant.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 10.1C (2007).

---

[1] It is defendant's position that plaintiff should be required to meet a but-for test for causation as to each disparate treatment claim. Defendant proposes the bracketed language in the event the Court permits plaintiff to utilize a mixed motive test for any disparate treatment claim.

**JURY INSTRUCTION NO. 23**

**LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 4.2 (2007).

## JURY INSTRUCTION NO. 24

## PUNITIVE DAMAGES - GENERAL (STATE LAW CLAIMS)

If the plaintiff prevails on discrimination and/ or retaliation claims under Oregon state law, then you must consider whether or not to award punitive damages. A jury may award punitive damages to punish misconduct and deter similar misconduct from occurring in the future. You may award punitive damages against the defendant if the plaintiff shows by clear and convincing evidence that the defendant:

(1)    has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety, and welfare of others, and/or

(2)    has acted with malice.

Clear and convincing evidence is evidence that makes you believe that the truth of the claim is highly probable. There is no fixed standard for determining the amount of punitive damages and you are not required to award punitive damages. If you decide to award punitive damages, you should consider all of the following in determining the amount:

(a)    How reprehensible was that defendant's conduct, considering the nature of that conduct and the defendant's motive?

(b)    Is there a reasonable relationship between the amount of punitive damages and plaintiff's harm?

(c)    In view of that defendant's financial condition, what amount is necessary to punish defendant and discourage future wrongful conduct? You may not punish a defendant merely because a defendant has substantial financial resources. The amount of punitive damages you award may not exceed $10 million.

Source: Oregon Uniform Civil Jury Instruction No. 75.02 (modified)

## JURY INSTRUCTION NO. 25

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Source: Ninth Circuit Manual of Model Jury Instructions, Civil, § 3.1 (2007).

## JURY INSTRUCTION NO. 26

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 3.2 (2007).

## JURY INSTRUCTION NO. 27

### RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 3.3 (2007).

## DISPUTED JURY INSTRUCTIONS

### PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 28
### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence of discrimination may be direct or circumstantial.  Direct evidence includes oral or written statements showing a discriminatory motivation for the way Defendant treated Plaintiff. However, Plaintiff is not required to produce direct evidence of an unlawful motive.  Discrimination, if it exists, is seldom admitted, but is a fact which may be inferred from the existence of other facts. You may also consider circumstantial evidence which is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be give to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.


Source:  Ninth Circuit Model Civil Jury Instruction 1.9 (modified); *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (U.S. 2003); *Faulkner v. Super Valu Stores*, 3 F.3d 1419, 1426 (10th Cir. 1993).

---

**Plaintiff's Concise Explanation:** Requested Instruction No. 25 is tailored to employment discrimination cases and is similar to instructions given in other discrimination trials.  *See Faulkner v. Super Valu Stores*, 3 F.3d 1419, 1426 (10th Cir. 1993) (approving instruction that stated, in relevant part, "Plaintiffs are not required to produce direct evidence of unlawful motive. Discrimination, if it exists, is seldom admitted, but is a fact which you may infer from the existence

of other facts.").

Defendant's proposed instruction omits the critical language that "Discrimination, if it exists, is seldom admitted, but is a fact which you may infer from the existence of other facts." As in most discrimination cases, Plaintiff's theory is that discrimination is seldom admitted, but can be inferred from the existence of other facts. Plaintiff is entitled to an instruction on this theory. *See Galdamez v. Potter*, 415 F.3d 1015, 1022 (9th Cir 2005) ("A party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence.")

Plaintiff's theory is supported by law. In *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003), the Supreme Court stated:

> "We have often acknowledged the utility of circumstantial evidence in discrimination cases. For instance, in *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 L. Ed. 2d 105, 120 S. Ct. 2097 (2000), we recognized that evidence that a defendant's explanation for an employment practice is "unworthy of credence" is "one form of *circumstantial evidence* that is probative of intentional discrimination." *Id., at* 147, 147 L Ed 2d 105, 120 S Ct 2097 (emphasis added). The reason for treating circumstantial and direct evidence alike is both clear and deep-rooted: "Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Rogers v. Missouri Pacific R. Co.,* 352 U.S. 500, 508, n. 17, 1 L. Ed. 2d 493, 77 S. Ct. 443 (1957)."

*See also United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983) (recognizing that the "sensitive and difficult" issue of intentional discrimination will frequently be proven by circumstantial evidence of pretext, as "there will seldom be 'eyewitness' testimony as to the employer's mental processes"); *id.* at 714 n.3 ("As in any lawsuit, the plaintiff may prove his case by direct or circumstantial evidence. The trier of fact should consider all the evidence, giving it

whatever weight and credence it deserves."); *International Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 n.44, 52 L. Ed. 2d 396, 97 S. Ct. 1843 (1977) ("The *McDonnell Douglas* formula does not require direct proof of discrimination."); *McDonnell Douglas*, 411 U.S. at 804-05 (listing various types of circumstantial evidence as relevant to showing of pretext); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 273, (O'Connor, J., concurring in judgment) (emphasis in original) (noting that "requiring the plaintiff to prove that any one factor was the definitive cause of the decisionmakers' action may be tantamount to declaring [anti-discrimination law] inapplicable to such decisions"); *Nitschke v. McDonnell Douglas Corp.*, 68 F.3d 249, 251 (8th Cir. 1995) ("An age-discrimination plaintiff may rely on either direct or circumstantial evidence to prove that he has been the victim of unlawful discrimination.").

**Defendant's Concise Explanation:** The proposed instruction departs wholesale from Ninth Circuit Model Instruction No. 1.9 for no viable reason. The case law relied upon by plaintiff to justify her modification post-dates the Ninth Circuit model instructions by at least 4 years. Further, the proposed instruction misstates the law in several regards that prejudice defendant. It omits the requirement that direct evidence must lead directly to a conclusion of discriminatory animus without any inference or presumption. It likewise adds one-sided commentary about discriminatory animus seldom being admitted that casts doubt on the decision-makers' denial of any discriminatory motive. The parties have already agreed to an instruction guiding the jury in assessing the credibility of witnesses. This added one-sided comment on the credibility of defendant's witnesses is unnecessary and prejudicial.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 29

## CIVIL RIGHTS—TITLE VII, § 1981---DISPARATE TREATMENT

The plaintiff has brought a claim of employment discrimination against the defendant.  The plaintiff claims that her sex, race and/or national origin were either the sole reason or a motivating factor for the defendant's decisions to:

1.    Issue the 2009 "Needs Improvement" performance review,

2.    Issue the Written Warning, or

3.    Terminate plaintiff's employment.

The defendant denies that the plaintiff's sex, race and/or national origin were either the sole reason or a motivating factor in defendant's decisions to take those adverse actions.  Defendant further claims the above decisions were based upon lawful reasons.

Source:  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 10.1A (modified).

---

**Plaintiff's Concise Explanation:** This instruction tells the jury what the law is in terms of the significant legal framework of the case. "A party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence."  *Gladamez v. Potter*, 415 F3d 1022 (9th Cir 2005) quoting *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).


**Defendant's Concise Explanation:**  Defendant's proposed instructions for disparate treatment are Instructions 48, 49, 51 and 68.  The title for this proposed instruction omits plaintiff's race and national origin discrimination claims under Section 1981, with the result that the jury is not provided

any causation standard for that claim.  Further, defendant believes its proposed instructions on disparate treatment are more appropriate in that they restate the test for each of plaintiff's discrimination claims.  At a minimum, it is necessary to provide separate instructions for plaintiff's sex discrimination claims, since those claims, unlike her national origin/race discrimination claims, do not arise under Section 1981.  Merging the discrimination instructions together, as this proposed instruction has done, may confuse the jury and prejudice defendant by suggesting incorrectly that the claims stand or fall together, instead of treating them as separate claims as required by Ninth Circuit Model Instruction No. 1.25.  In addition, it is defendant's position that plaintiff should be required to meet the "sole factor" test set forth in Ninth Circuit Model Instruction No. 10.1B.  As a result, this instruction would be unnecessary and confusing for the jury.  To the extent the Court determines that a motivating factor test is appropriate, the jury should be given Ninth Circuit Model Instruction No. 10.1C only as opposed to this instruction which mixes the standards together.  Defendant is concerned that providing multiple different causation standards to the jury will be unnecessarily confusing and misleading.

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 30

CIVIL RIGHTS—TITLE VII, §1981—DISPARATE TREATMENT—"SOLE
REASON"—ELEMENTS AND BURDEN OF PROOF

As to the plaintiff's claim that her sex, race and/or national origin was the sole reason for the defendant's decisions to issue the 2009 "Needs Improvement" performance review, to issue the Written Warning or to terminate plaintiff's employment, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.      the plaintiff was issued the 2009 "Needs Improvement" performance review by the defendant, the plaintiff was issued the Written Warning by the defendant, or the plaintiff's employment was terminated by the defendant; and

2.      the plaintiff's race, sex or national origin were the sole factor in the defendant's decision to issue the "Needs Improvement" performance review, to issue the Written Warning, or to terminate plaintiff's employment.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

Source:  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 10.1B (modified)

---

**Plaintiff's Concise Explanation:** Defendant has proposed separate instructions for race, national origin and sex discrimination.  *See* Defendant's Proposed Instruction 24-25, 27.  Plaintiff believes her version is more efficient.

**Defendant's Concise Explanation:**  Defendant's proposed instructions for disparate treatment are Instructions 48, 49, 51 and 68.  The title for the proposed instruction omits plaintiff's race and national origin discrimination claims under Section 1981, with the result that the jury is not provided any causation standard for that claim.  Further, defendant believes its proposed instructions on disparate treatment are more appropriate in that they restate the test for each of plaintiff's discrimination claims.  At a minimum, it is necessary to provide separate instructions for plaintiff's sex discrimination claims, since those claims, unlike her national origin/race discrimination claims, do not arise under Section 1981.  Merging the discrimination claims together, as this proposed instruction has done, may confuse the jury and prejudice defendant by suggesting incorrectly that the claims stand or fall together, instead of treating them as separate claims as required by Ninth Circuit Model Instruction No. 1.25.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 31**

**CIVIL RIGHTS—TITLE VII—DISPARATE TREATMENT—"MOTIVATING FACTOR"—ELEMENTS AND BURDEN OF PROOF**

As to the plaintiff's claim that her race, sex and/or national origin were motivating factors for the defendant's decision to issue the 2009 "Needs Improvement" performance review, to issue the Written Warning, or to terminate her employment, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.      the plaintiff was issued the 2009 "Needs Improvement" performance review by the defendant, the plaintiff was issued the Written Warning by the defendant, or the plaintiff's employment was terminated by the defendant; and

2.      the plaintiff's race, sex or national origin were motivating factors in the defendant's decision to issue the "Needs Improvement" performance review, to issue the Written Warning, or to terminate plaintiff's employment.

If you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.  If Plaintiff has proved these elements, Plaintiff is entitled to your verdict, even if you find that the Defendant's conduct was also motivated by a lawful reason.

If, however, the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the Plaintiff's race, national origin and/or sex played no role in the employment decision, your verdict should be for the defendant.

Source:  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 10.1C (modified).

---

**Plaintiff's Concise Explanation:** Plaintiff requests both a motivating factor and a sole reason

instruction.  The trial court may choose to give both instructions.  See *Tallacus v. Sebelius*, D. Oregon Case No. 08-591-AC, Docket No. 109.  In the alternative, the trial court may decide which instruction to give after the evidence is heard.  *Stegall v. Citadel Broad. Co.*, 350 F3d 1061, 1076 ("The significance of the distinction between 'single motive' and 'mixed motive' is most often seen towards the end of a trial when the district court must instruct the jury.")

**Defendant's Concise Explanation:**  The title for the proposed instruction omits plaintiff's race and national origin discrimination claims under Section 1981, with the result that the jury is not provided any causation standard for that claim.  Further, defendant believes its proposed instructions on disparate treatment are more appropriate in that they restate the test for each of plaintiff's discrimination claims.  At a minimum, it is necessary to provide separate instructions for plaintiff's sex discrimination claims, since those claims, unlike her national origin/race discrimination claims, do not arise under Section 1981.  Merging the discrimination instructions together, as this proposed instruction has done, may confuse the jury and prejudice defendant by suggesting incorrectly that the claims stand or fall together, instead of treating them as separate claims as required by Ninth Circuit Model Instruction No. 1.25.  In addition, it is defendant's position that plaintiff should be required to meet the "sole factor" test set forth in Ninth Circuit Model Instruction No. 10.1B.  As a result, this instruction would be unnecessary and confusing for the jury.  To the extent the Court determines that a mixed motives instruction is appropriate, defendant respectfully requests that its alternative instruction, Instruction __, be stated separately for plaintiff's national origin, race and sex discrimination claims.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 32

## PRETEXT

When an employer's stated reasons for terminating an employee are false, you may infer that the stated reason is a pretext for unlawful reasons.

---

**Plaintiff's Concise Explanation:** This instruction clarifies the law on proof of discriminatory intent by circumstantial evidence. In the case at hand, Plaintiff intends to present evidence that the Defendant's reasons for taking adverse actions against the Plaintiff were false. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 147-148 (U.S. 2000) ("Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. . . . In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt.' *Wright v. West*, 505 U.S. 277, 296, 120 L. Ed. 2d 225, 112 S. Ct. 2482 (1992); *see also Wilson v. United States*, 162 U.S. 613, 620-621, 40 L. Ed. 1090, 16 S. Ct. 895 (1896); 2 J. Wigmore, Evidence § 278(2), p. 133 (J. Chadbourn rev. ed. 1979).");  *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577, 57 L. Ed. 2d 957, 98 S. Ct. 2943 (1978) ("When all legitimate reasons for rejecting an applicant have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts with some reason, based his decision on an impermissible consideration").  "A party is entitled to an instruction about his or her

theory of the case if it is supported by law and has foundation in the evidence." *Gladamez v. Potter*, 415 F3d 1022 (9th Cir 2005) quoting *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

**Defendant's Concise Explanation:**  The proposed instruction inappropriately asks the jury to perform one part of the *McDonnell Douglas* burden-shifting scheme, which is a summary judgment standard not applicable to trial.  *Sanghvi v. City of Claremont*, 328 F.3d 532, 537 (9th Cir. 2003) ("Although the Sanghvis' circumstantial evidence established a McDonnell Douglas prima facie case, meeting this burden of production simply permitted but did not compel the jury to infer the ultimate fact of discrimination. . . . At that point in the trial, the McDonnell-Burdine presumption 'drops from the case,'" and the fact finder need only address the ultimate question of discrimination."); *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 855 (9th Cir. 2002) ("[I]t is not normally appropriate to introduce the McDonnell Douglas burden-shifting framework to the jury."). This clear from the fact that the Ninth Circuit model instructions, which were published long after the *McDonnell-Douglas* burden-shifting scheme became the law for summary judgment procedure, do not include instructions on how to find pretext.  The instruction also misstates the law of pretext, by suggesting incorrectly that a discriminatory motive is proven by showing that a defendant was mistaken even if its belief was honestly held. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002); *Cain v. County of Multnomah*, 1996 WL328719; *Cain v. County of Multnomah*, 1996 WL328719, *6 (D. Or. Jun. 14, 1996) ("[p]retext means more than a mistake on the part of the employer; pretext means a lie, specifically a phony reason for some action.") The Ninth Circuit model instructions provide the appropriate standard of causation for trial.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 33

## FAILURE TO FOLLOW POLICY

An employer's failure to follow its own policies can provide evidence of pretext.

_____

**Plaintiff's Concise Explanation:**     This instruction clarifies the law on proof of discriminatory intent through circumstantial evidence and touches upon an important issue in this case. *See Porter v. California Dept of Corrections*, 383 F.3d 1018, 1026-1027 (9th Cir. 2004) (Finding that the failure to follow policy "is sufficient for demonstrating pretext.") *See also Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1220 (10th Cir. 2002) (deviations from an employer's regular procedures establish pretext); *Russell v. TG Mo. Corp.*, 340 F.3d 735, 746 (8th Cir. 2003) ("We agree . . . that employer's deviation from its own policies can, in some instances, provide evidence of pretext.")


**Defendant's Concise Explanation:**  The proposed instruction inappropriately asks the jury to perform one part of the *McDonnell Douglas* burden-shifting scheme, which is a summary judgment standard not applicable to trial. *Sanghvi v. City of Claremont*, 328 F.3d 532, 537 (9th Cir. 2003) ("Although the Sanghvis' circumstantial evidence established a McDonnell Douglas prima facie case, meeting this burden of production simply permitted but did not compel the jury to infer the ultimate fact of discrimination. . . . At that point in the trial, the McDonnell-Burdine presumption 'drops from the case,'" and the fact finder need only address the ultimate question of discrimination."); *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 855 (9th Cir. 2002) ("[I]t is not normally appropriate to introduce the McDonnell Douglas burden-shifting framework to the jury."). This clear from the fact that the Ninth Circuit model instructions, which were published long after

the *McDonnell-Douglas* burden-shifting scheme became the law for summary judgment procedure, do not include instructions on how to find pretext.  The case citation provided is also not good law in the Ninth Circuit.  *Porter v. California Dept. of Corrections*, 383 F.3d 1018, 1026-27 (9th Cir. 2004) was amended and superceded by *Porter v. California Dept. of Corrections*, 419 F.3d 885 (9th Cir. 2005) (*Porter II*).  *Porter II* also does not standard for the proposition that a failure to follow policies alone can show pretext, but rather that a deviation from protocol (i.e., policy *and* standard practice) can support a finding of pretext.  *Porter II*, 419 F.3d at 896.  This is an argument plaintiff can make at closing and should not be a jury instruction.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 34**

**DIFFERENT TREATMENT**

When an employer's treatment of similarly situated employees was different from the treatment of the plaintiff, you may infer that the employee's treatment was caused by unlawful reasons.

---

**Plaintiff's Concise Explanation:**  Plaintiff intends to present evidence of disparate treatment of comparators.  Her proposed instruction is a correct statement of the law.  *Prebe v. Yamhill Co. et al*, 2009 US Dist LEXIS 58815 at *17, *18, *22 (D. Or. July 9, 2009) (Plaintiff's evidence that he was punished more severely than his coworkers for similar infractions was circumstantial evidence of retaliatory intent.)


**Defendant's Concise Explanation:**  The proposed instruction inappropriately asks the jury to perform one part of the *McDonnell Douglas* burden-shifting scheme, which is a summary judgment standard not applicable to trial.  *Sanghvi v. City of Claremont*, 328 F.3d 532, 537 (9th Cir. 2003) ("Although the Sanghvis' circumstantial evidence established a McDonnell Douglas prima facie case, meeting this burden of production simply permitted but did not compel the jury to infer the ultimate fact of discrimination. . . . At that point in the trial, the McDonnell-Burdine presumption 'drops from the case,'" and the fact finder need only address the ultimate question of discrimination."); *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 855 (9th Cir. 2002) ("[I]t is not normally appropriate to introduce the McDonnell Douglas burden-shifting framework to the jury.").

This clear from the fact that the Ninth Circuit model instructions, which were published long after the *McDonnell-Douglas* burden-shifting scheme became the law for summary judgment procedure, do not include instructions on how to find pretext. *Sanghvi v. City of Claremont*, 328 F.3d 532, 537 (9th Cir. 2003) ("Although the Sanghvis' circumstantial evidence established a McDonnell Douglas prima facie case, meeting this burden of production simply permitted but did not compel the jury to infer the ultimate fact of discrimination. . . . At that point in the trial, the McDonnell-Burdine presumption 'drops from the case,'" and the fact finder need only address the ultimate question of discrimination."); *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 855 (9th Cir. 2002) ("[I]t is not normally appropriate to introduce the McDonnell Douglas burden-shifting framework to the jury."). Defendant also objects to the phrase "similarly situated employees" because it is legalese that would need to be defined and does not help the jury.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 35

## CIVIL RIGHTS—TITLE VII—RETALIATION—ELEMENTS AND BURDEN OF PROOF

The plaintiff seeks damages against the defendant for retaliation.  The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.      the plaintiff engaged in or was engaging in an activity protected under federal law, that is making an informal or formal complaint about discrimination;

2.      the employer subjected the plaintiff to adverse employment actions, that is issuing the 2009 "Needs Improvement" performance review, issuing the Written Warning or terminating plaintiff; and

3.      the plaintiff was subjected to the adverse employment actions because of her informal or formal complaints of discrimination.

If the plaintiff has proved all three of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

Source: NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 10.3 (modified)

_____

**Plaintiff's Concise Explanation:**  Plaintiff's language follows the pattern instruction accurately, whereas Defendant's instruction makes additions that add confusion to the instruction and are inaccurate statements of the law.  See Defendant's Instruction No. 30 paragraph 1 regarding reasonable belief, and the addition of "solely" in paragraph 3.

**Defendant's Concise Explanation:** Defendant's proposed retaliation instruction, Instruction No. 54, is a modified version of the Ninth Circuit Model Instruction No. 10.3, which makes clear, in the wake of the Supreme Court's holding in *Gross v. F.B.I. Fin. Servs.*, 106 F.E.P. 833 (Sup. Ct. 2009), that the protected activity must be the sole reason for the adverse employment action - i.e., not merely a motivating factor. *Hayes v. Sebelius*, 762 F. Supp. 2d 90, 115 (D.D.C. 2011), citing *Gross v. F.B.I. Fin. Servs.*, 106 F.E.P. 833 (Sup. Ct. 2009) (plaintiff "may not bring a motivating-factor retaliation claim under either Price Waterhouse's burden-shifting regime or under the motivating-factor provisions of the 1991 Act"); *Hardie v. Legacy Health Sys.*, 167 Or. App. 425, 435 (2000) ("The crux of the standard, regardless of which phraseology is attached to it, is whether, in the absence of the [retaliatory] motive, the employee would have been treated differently.")  Particularly if the Court determines that a mixed motive instruction is appropriate for plaintiff's disparate treatment claims, failing to include this clarification that a different causation standard applies to plaintiff's retaliation claims could confuse and mislead the jury, and prejudice defendant by lowering plaintiff's burden of proof on her retaliation claims.  Defendant also objects to plaintiff's definition of the term "protected activity" because it is inconsistent with the law in three ways.  First, protected activity requires more than a generalized complaint of "discrimination" or unfairness; the complaint must reference a protected characteristic.  *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 702 (3d Cir. 1995) (finding no protected conduct where plaintiff "complain[ed] about unfair treatment in general, but . . . [did] not specifically complain about age discrimination").  *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1126 (E.D. Cal. 2006) (to engage in protected activity, plaintiff had "an obligation to at least say something to indicate that [her race, gender, or national origin] was an issue."); *see also Emeldi*

Page 54 - PROPOSED JOINT JURY INSTRUCTIONS

*v. Univ. of Oregon*, 2010 WL 2330190, *2 (D. Or. June 4, 2010). Second, the instruction suggests that plaintiff could have complained to any person, but it is well settled that the complaint must have been made to defendant such that a decision maker was actually aware of the protected activity. *Guerin v. Am. Tel. & Tel. Co.*, 1994 WL 245937, *6 (N.D. Cal.); see also *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982) (employer's awareness of protected activity is essential to showing a causal link); *Delima v. Home Depot U.S.A., Inc.*, 616 F. Supp. 2d 1055 (D. Or. 2008) (granting summary judgment on plaintiff's retaliation claim where there was no evidence that manager who terminated plaintiff was aware of any protected conduct by plaintiff). Third, the complaint must have been supported by a "subjective 'good faith' or objective 'reasonable belief' that the conduct would support a viable claim for discrimination." *Pullela v. Intel Corp.*, 2010 WL 2942401, *15 (D. Or. May 6, 2010); *see also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (employee's complaint to her supervisors about a single sexually-charged workplace comment failed to establish protected activity as a matter of law because "[n]o reasonable person could have believed that the single incident recounted above violated Title VII's standard [for sexual harassment]."); *Moyo v. Gomez*, 40 F. 3d 982, 984 (9th Cir. 1994) (an erroneous belief that the employee engaged in an unlawful employment practice is actionable only "if [it is] premised on a mistake made in good faith"); *Strother v. S. Cal. Permanente Med. Group*, 79 F.3d 859, 868 (9th Cir. 1996) (in determining whether employee acted in good faith, "the factfinder may consider whether plaintiff's report or complaint was "brought in bad faith or meant to harass [the employer]").

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 36**

**CIVIL RIGHTS—TITLE VII—"ADVERSE EMPLOYMENT ACTION"**

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

Source: NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 10.4A.1 (modified).
_____

**Plaintiff's Concise Explanation:**  Plaintiff's instruction is a correct statement of the law as set forth in *Burlington No. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).  The last two sentences in Defendant's instruction are an unnecessary addition to the Model Instruction and are comments on the evidence.

**Defendant's Concise Explanation:**  The parties appear to be in agreement that the only adverse employment actions at issue for trial are the 2009 performance review, Written Warning, and termination.  *See* Plaintiff's Proposed Instruction re Civil Rights – Title VII – Retaliation ("the employer subjected the plaintiff to adverse employment actions, that is issuing the 2009 "Needs Improvement" performance review, issuing the Written Warning, or terminating plaintiff").  As such, no instruction on what constitutes an "adverse employment action" is necessary, and including one will only confuse the jury by suggesting that other actions may also be at issue.  To the extent an adverse action instruction is included, defendant's proposed instruction, Instruction __, is a modified

version of the Ninth Circuit Model Instruction No. 10.4.A.1, which provides important clarification on types of actions that do not rise to the level of retaliation as a matter of law. Plaintiff's proposed instruction omits this important clarification. It is also misleading in that it fails to specify that definition for adverse actions is limited to plaintiff's retaliation claims. This omission prejudices defendant by suggesting that the more liberal adverse action test for retaliation also applies to plaintiff's disparate treatment claims.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 37

## TEMPORAL PROXIMITY

When an employee's complaints about discrimination are closely connected in time with an adverse employment action, such as a termination, you may infer that the termination was caused by the employee's complaints of discrimination.

_____

**Plaintiff's Concise Explanation:**  This is a correct statement of the law and aids the jury in interpreting the evidence. *Liu v. Amway Corp.*, 347 F3d 1125, 1137 (9th Cir 2003) ("Finally, the proximity in time between the leave and her termination also provides supporting evidence of a connection between the two events.")


**Defendant's Concise Explanation:**  The proposed instruction misstates the law.  Contrary to plaintiff's suggestion, "temporal proximity alone is not sufficient to raise a triable issue as to pretext once the employer has offered evidence of a legitimate nondiscriminatory reason for the termination." *Franco v. Pier 1 Imports, Inc.*, 372 Fed. Appx. 803, 805 (9th Cir. 2010) (unpublished) (affirming summary judgment on retaliation claim where employee's "poor service record ... pre-dated the disclosure of her medical condition" and had further issues "just a few days before her termination").

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 38**

**GENDER STEREOTYPING - SEX DISCRIMINATION**

The law makes it unlawful to discriminate in the terms and conditions of employment because of sex. This includes a prohibition on discrimination on the basis of sexual stereotypes, including the stereotype that a woman should be submissive to a man.

*Holte v. Steiner Corp.*, No. 08-1329-AA, 2010 WL 1779965, at *7 (D. Or. Apr. 27, 2010).

---

**Plaintiff's Concise Explanation:** Plaintiff believes her proposed instruction is simpler and easier for the jury to understand than Defendant's Instruction No. 52. Plaintiff objects to the language in Defendant's instruction that repeats previous instructions and that is a comment on the evidence.

**Defendant's Concise Explanation:** Defendant's instruction on sex stereotyping is Instruction __. It is clearer and a more accurate statement of the law in that it requires the jury to find (1) that a stereotype exists that a woman should be submissive to a man; and (2) that such a stereotype caused plaintiff's review, written warning and/or termination. Defendant objects to plaintiff's use of the word "including" in her proposed instruction because it suggests that other stereotypes besides the "submissive" stereotype could be at issue. That suggestion is prejudicial, misleading and unhelpful to the jury because the Court determined at summary judgment that the only stereotype on which plaintiff raised a triable issue was submissiveness (i.e., not emotional, flirting or gossipy). Defendant

Page 59 - PROPOSED JOINT JURY INSTRUCTIONS

further objects to plaintiff's proposed stereotyping instruction because it implicitly instructs the jury to find that a commonly held stereotype exists that women should be submissive to men does in fact exist, when that is a factual determination to be made by the jury. Such an instruction is one-sided and prejudicial, misleading and unhelpful because it improperly dictates to the jury what factual finding to reach.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 39

## EMPLOYMENT DISCRIMINATION - OREGON STATE LAW - CONDITIONS OF EMPLOYMENT

The plaintiff claims that the defendant discriminated against her because of the plaintiff's sex and/or national origin.

The plaintiff must prove that:

(1)    The defendant treated the plaintiff adversely with respect to compensation or other terms, conditions, or privileges of employment; and

(2)    The plaintiff's sex, national origin and/or race was a substantial factor in the adverse treatment.

Source: UCJI No. 59A.01(modified); ORS 659A.030(1)(b).

_____

**Plaintiff's Concise Explanation:**  Plaintiff has a claim under state law and believes the jury should be instructed on Oregon law.


**Defendant's Concise Explanation:**  It is defendant's position that the appropriate test for plaintiff's federal disparate treatment claims is the "sole reason" test provided in its Instructions No. 48, 49 and 51.  As the comment to UCJI No. 59A.03 makes clear, the "substantial factor" test is equivalent to the "but-for or "sole reason" test that defendant has proposed for plaintiff's federal claims.  *See* Comment: ("The Oregon Supreme Court has established the "substantial factor" standard but has not defined precisely what substantial factor means.  *See Holien v. Sears, Roebuck and Co.*, 298 Or. 76, 90 n 5, 689 P.2d 1292 (1984).  The Oregon Court of Appeals has occasionally described the standard

as a "but for" test. *Hardie v. Legacy Health Sys.*, 197 Or. App. 425, 435, 6 P.3d 531 (2000) (plaintiff must show that he or she "would not have been fired but for the unlawful discriminatory motive of the employer"). *See also Estes v. Lewis and Clark College*, 152 Or. App. 372, 381, 954 P.2d 792, rev. denied, 327 Or. 583 (1998) (employer's wrongful purpose must be "a factor that made a difference")). Thus, if the Court provides the "sole reason" instruction on plaintiff's federal disparate treatment claims, this additional instruction that states the same causation standard using different words, would be unnecessary, confusing and unhelpful to the jury. However, defendant agrees that a modified version of UCJI No. 59A.01 is necessary if the Court issues the "motivating factor" instruction to the jury on plaintiff's federal disparate treatment claims. Defendant objects to the proposed modification because it fails to specify what adverse actions are at issue for plaintiff's state law disparate treatment claims - i.e., the 2009 performance review, Written Warning, and termination. As such, it could prejudice defendant and confuse the jury by expanding the universe of adverse actions beyond what the Court allowed to go to trial in its summary judgment ruling. Finally, it is defendant's position that the jury should be instructed on the test for plaintiff's national origin, race and sex discrimination claims separately. Merging the discrimination instructions together, as this proposed instruction has done, may confuse the jury and prejudice defendant by suggesting incorrectly that the claims stand or fall together, instead of treating them as separate claims.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 40**

**EMPLOYMENT DISCRIMINATION - OREGON STATE LAW -
SUBSTANTIAL FACTOR**

A substantial factor is one that made a difference in an employment decision; that is, the

decision would not have been made without it.  It need not be the only factor.

Source: UCJI No. 59A.03; ORS 659A.030(1)(b).

_____

**Plaintiff's Concise Explanation:**  Plaintiff has a claim under state law and believes the jury

should be instructed on Oregon law.


**Defendant's Concise Explanation:** It is defendant's position that the appropriate test for plaintiff's

federal disparate treatment claims is the "sole reason" test provided in its Instructions No. 48, 49 and

51.  As the comment to UCJI No. 59A.03 makes clear, the "substantial factor" test is equivalent to

the "but-for" or "sole reason" test that defendant has proposed for plaintiff's federal claims.  *See*

Comment: ("The Oregon Supreme Court has established the "substantial factor" standard but has not

defined precisely what *substantial factor* means.  *See Holien v. Sears, Roebuck and Co.,* 298 Or. 76,

90 n 5, 689 P.2d 1292 (1984).  The Oregon Court of Appeals has occasionally described the standard

as a "but for" test.  *Hardie v. Legacy Health Sys.*, 197 Or. App. 425, 435, 6 P.3d 531 (2000) (plaintiff

must show that he or she "would not have been fired but for the unlawful discriminatory motive of

the employer").  *See also Estes v. Lewis and Clark College,* 152 Or. App. 372, 381, 954 P.2d 792, *rev.*

*denied,* 327 Or. 583 (1998) (employer's wrongful purpose must be "a factor that made a difference")).

Thus, if the Court provides the "sole reason" instruction on plaintiff's federal disparate treatment

claims, this additional instruction that states the same causation standard using different words, would be unnecessary, confusing and unhelpful to the jury. However, defendant agrees that a modified version of UCJI No. 59A.01 is necessary if the Court issues the "motivating factor" instruction to the jury on plaintiff's federal disparate treatment claims.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 41**

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inference from the facts in evidence.  You may not award damages based on sympathy, speculation, or guess work.  On the other hand, the law does not require that Plaintiff prove the amount of her loss with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Plaintiff may recover compensatory damages for any emotional pain, suffering or mental anguish that she experienced as a consequence of defendant's unlawful actions.  You should consider the nature, character, and seriousness of any pain and suffering and humiliation that plaintiff felt, as well as the extent or duration.  There is not exact standard for fixing the compensation to be awarded for compensatory damages.  Any award you make should be fair in light of the evidence presented at the trial - no more and no less.

The fact that I have instructed you on the proper measure of damages should not be considered as indication of any view of mine as to which party is entitled to your verdict in the case. Instructions as to the measure of damages are given only for your guidance in the event that you should find damages, and should any be awarded, they should be done so in accordance with these instructions.

Source: NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 5.1 (modified)

_____

**Plaintiff's Concise Explanation:** Plaintiff's instruction more closely parallels the Model instruction. Plaintiff would not object to including the following sentence: Plaintiff is not allowed to recover damages for the stress induced solely by the litigation.

**Defendant's Concise Explanation:** Defendant's proposed damages instruction for plaintiff's federal claims is Instruction 63. Instruction 63 is a modified version of Ninth Circuit Model Instruction 5.1, which adds important clarification regarding non-compensable harm, including litigation stress and harm that plaintiff herself caused. *Knussman v. State of Maryland*, 272 F.3d 625, 641 (4th Cir. 2001) (finding that compensatory damages awarded to the plaintiff at trial were excessive because a large portion of the emotional difficulties suffered were linked to litigating that action). *See also Flowers v. First Hawaiian Bank*, 295 F. Supp.2d 1130, 1140 (D. Hawaii 2003); *Blakey v. Continental Airlines, Inc.*, 992 F. Supp. 731, 736 n. 3 (D. N.J. 1998); *Stoleson v. United States.*, 708 F.2d 1217, 1223 (7th Cir. 1983); *Picogna v. Bd. Of Ed.*, 671 A.2d 1035, 1038 (NJ 1996) ("the majority of courts addressing litigation-induced stress have treated it as a non-compensable component of damages"). Defendant expects this to be an issue because plaintiff's mental health records repeatedly reference stress from plaintiff's deposition and responding to discovery. They also specifically state that her lawyer told

her to isolate herself, which caused her to feel the isolation she identified as the sole symptom of emotional distress at her deposition. Plaintiff's proposed instruction omits this important clarification.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 42**

**DAMAGES—MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.   In this case, to mitigate damages, plaintiff has a duty to use reasonable efforts to find comparable employment.  The defendant has the burden of proving by a preponderance of the evidence:

      1.       that the plaintiff failed to use reasonable efforts to mitigate damages; and

      2.       the amount by which damages would have been mitigated.

Source: NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 5.3 (modified).

---

**Plaintiff's Concise Explanation:**  For mitigation purposes, Plaintiff's duty was to make a reasonable search for comparable employment.  *See Ford Motor Co. v. EEOC,* 458 US 219, 231, 102 S.Ct. 3057, 3065 & fn. 16 (1982).


**Defendant's Concise Explanation:**  It is defendant's position that plaintiff's back pay and front pay claims should be decided by the Court, making this instruction unnecessary.  Under Title VII and Section 1981, an award of back or front pay based on plaintiff's claims is an equitable remedy to be determined by the Court, not the jury.  See 42 U.S.C. § 2000e-5; *Traxler v. Multnomah County*, 596 F.3d 1007 (9th Cir. 2010) (vacating jury's $1.5 million award for equitable relief; equitable remedy for violation of Family and Medical Leave Act, including back pay and front pay, is an equitable remedy to be decided by a trial judge rather than a jury); *Sanders v. City of Newport*, 602 F. Supp. 2d

1195, 1201 (D. Or. 2009) (Title VII economic damages constitute equitable relief). Back pay is also

an equitable remedy under stay law. ORS 659A.885(1) ("[T]he court may order injunctive relief and

any other equitable relief that may be appropriate, including but not limited to reinstatement or the

hiring of employees with or without back pay"; "[t]he judge shall determine the facts in an action

under [subsection (1)]." ); *see also Seitz v. State*, 100 Or. App. 665, 673 (1990). ("A request for back

pay . . .  presumes a claim of entitlement to injunctive relief and is an equitable claim."). To the

extent the Court allows the jury to issue an advisory opinion on plaintiff's economic damages,

defendant agrees that a mitigation instruction is necessary, but objects to plaintiff's modification of

Ninth Circuit Model Instruction No. 5.3. The Ninth Circuit has had ample time to consider, and has

opted not to include plaintiff's proposed language from the 1982 Supreme Court case on which her

modification relies.

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 43

## COMPARABLE EMPLOYMENT

A position is comparable if each of the following factors are present:

1. It is within the same general locality as the previous position;

2. It is within the same line of work as the previous position;

3. It generally has the same status, working conditions, rate of pay, method of compensation, and tenure as the previous employment; and

4. Accepting such a position does not involve any undue humiliation, risk, or expense.

_____

**Plaintiff's Concise Explanation:**  This instruction is a correct statement of the law.  *See Ford Motor Co. v. EEOC*, 458 US 219, 231, 102 S.Ct. 3057, 3065 & fn. 16 (1982);  *George v. School Dist.*, 7 Or. App. 183, 201 (1971); Rest. 2d Contract, Sec. 350 (1971).

**Defendant's Concise Explanation:**  It is defendant's position that plaintiff's back pay and front pay claims should be decided by the Court, making this instruction unnecessary.  Under Title VII and Section 1981, an award of back or front pay based on plaintiff's claims is an equitable remedy to be determined by the Court, not the jury.  See 42 U.S.C. § 2000e-5; *Traxler v. Multnomah County*, 596 F.3d 1007 (9th Cir. 2010) (vacating jury's $1.5 million award for equitable relief; equitable remedy for violation of Family and Medical Leave Act, including back pay and front pay, is an equitable remedy to be decided by a trial judge rather than a jury); *Sanders v. City of Newport*, 602 F. Supp. 2d 1195, 1201 (D. Or. 2009) (Title VII economic damages constitute equitable relief). Back pay is also an equitable remedy under stay law.  ORS 659A.885(1) ("[T]he court may order injunctive relief and

any other equitable relief that may be appropriate, including but not limited to reinstatement or the hiring of employees with or without back pay"; "[t]he judge shall determine the facts in an action under [subsection (1)]." ); *see also Seitz v. State*, 100 Or. App. 665, 673 (1990). ("A request for back pay . . .  presumes a claim of entitlement to injunctive relief and is an equitable claim.").  To the extent the Court allows the jury to issue an advisory opinion on plaintiff's economic damages, Ninth Circuit Model Instruction No. 5.3 provides sufficient instruction on mitigation.  The Ninth Circuit and Oregon State Bar have had ample time to consider the pre-1982 authority on which plaintiff's one-sided proposed instruction relies, and have found such an instruction unnecessary.  So, too, should this Court.

Further, defendant objects to the proposed instruction because it fails to specify that it applies to plaintiff's Title VII and Section 1981 claims, and therefore will confuse the jury.

**PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 44**

**PUNITIVE DAMAGES – Title VII and 42 U.S.C. Claims**

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

On the plaintiff's Title VII and 42 U.S.C. §1981 claims of discrimination and retaliation, the plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was in reckless disregard of the plaintiff's rights. Conduct is in reckless disregard of the plaintiff's rights if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.   Intentional discrimination in this case is enough to establish punitive damages liability.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

Page 72 - PROPOSED JOINT JURY INSTRUCTIONS

Source:  NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 5.5 (modified)

_____

**Plaintiff's Concise Explanation:** Plaintiff's instruction is an accurate statement of the law.  *See Passantino v. Johnson & Johnson Consumer Products, Inc.*,  212 F.3d 493, 514-15 (9th Cir. 2000).

**Defendant's Concise Explanation:**    Defendant's proposed punitive damages instruction is Instruction No. 63.  That instruction is more appropriate because it omits the optional language from the Ninth Circuit Model Instruction 5.5 concerning plaintiff's "safety" and "actual harm" that is not applicable to this action, and clarifies how the punitive damages standards apply specifically to plaintiff's claims, and to add the defense to punitive damages in the context of employment discrimination claims that was set forth in *Kolstad v. Am. Dental Ass'n*, 527 U.S. 527 (1999).  Defendant objects to plaintiff's modification of the Ninth Circuit Model Instruction 5.5.  Plaintiff's proposed instruction unjustifiably omits the definition of "malicious."  The term "malicious" is a legal term of art that will not be helpful to the jury unless it is defined.  Defendant also objects to plaintiff's addition of the one-sided sentence, "Intentional discrimination in this case is enough to establish punitive damages liability."  Such language is prejudicial to defendant in that it incorrectly suggests that the jury must award punitive damages if it finds for plaintiff on any discrimination or retaliation claim.  That proposition is not the law, and does not follow from *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 514-15 (9th Cir. 2000).

## DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 45

## INFERENCES DEFINED

You are to consider only the evidence in the case.  However, you are not limited to the statements of witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from fact established by the evidence in the case.

Source: 3 O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE & INSTRUCTIONS, § 104.20 (5th Ed. 2000).

**Defendant's Concise Explanation:**  Coming to reasonable inferences arising from the evidence presented at trial will be an important part of the jury's deliberation process.  As such, it is important for the jury to understand that they may make reasonable deductions and conclusions based on the direct and circumstantial evidence presented to them.  Therefore, defendant respectfully submits this model instruction.

**Plaintiff's Concise Explanation:**  The instruction is not included in the Ninth Circuit Model Instructions and Plaintiff believes it is unnecessary because it is duplicative of information in both Plaintiff's and Defendant's Proposed Instruction on Direct and Circumstantial Evidence.

**DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 46**

**ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during the trial.

Source: *See, e.g.,* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 1.18 (2009).

---

**Defendant's Concise Explanation:**  Given the nature of this trial it would not serve the interests of judicial efficiency to present testimony from every person who has any knowledge of the facts of the case.  Additionally, it would not be beneficial to the court or the jury to present every document or paper discussed during trial as an exhibit.  Therefore, defendant respectfully submits Seventh Circuit Model Civil Instruction 1.18.

**Plaintiff's Concise Explanation:** This instruction is unnecessary and confusing to the jury because it focuses on evidence that it is not presented and legal requirements which do not need to be met.  The jury is going to be instructed on the legal elements required to be proven for each claim and affirmative defense and Plaintiff believes that it sufficient instruction.   Also, this instruction is not included in the Ninth Circuit Model Instructions.

**DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 47**

**SEPARATE CLAIMS**

You must give separate consideration to each of plaintiff's claims.  If you find that plaintiff has proven one claim by a preponderance of the evidence, that does not mean plaintiff has proven any other claims by a preponderance of the evidence.

Source: *See, e.g.,* FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 1.25 (2005).

**Defendant's Concise Explanation:**  Plaintiff has asserted multiple independent claims.  Therefore, defendant respectfully submits Ninth Circuit Model Instruction No. 1.25.

**Plaintiff's Concise Explanation:**  This instruction is unnecessary because the verdict form will instruct the jury on what they must find for each claim.

**DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 48**

**CIVIL RIGHTS-TITLE VII, § 1981, AND ORS 659A.03-DISPARATE TREATMENT-
"SOLE REASON"-ELEMENTS AND BURDEN OF PROOF (RACE)**

As to the plaintiff's claims that her race was the sole reason for the defendant's decisions to issue her an overall rating of "Needs Improvement" on her 2009 performance review, place her on a Written Warning, and/or terminate her employment, the plaintiff has the burden of proving by a preponderance of the evidence that the defendant took each of these actions solely because of the plaintiff's race.

If you find that the plaintiff has proved this element, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove this element, your verdict should be for the defendant.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 10.1B (2007).

---

**Defendant's Concise Explanation:** Plaintiff has brought a claim for disparate treatment on the basis of race.  This claim is independent and separate from plaintiff's claims of disparate treatment on other grounds; so, the jury should be provided an instruction specific to this claim.  Additionally, It is defendant's position that plaintiff should be required to meet the "sole factor" test with respect to the allegations related to disparate treatment on the basis of race.  Therefore, defendant respectfully submits Ninth Circuit Model Instruction No. 10.1B regarding race.

**Plaintiff's Concise Explanation:** *See* Plaintiff's Proposed Jury Instruction No. 4,  CIVIL RIGHTS-TITLE VII, §1981, AND ORS 659A.03-DISPARATE TREATMENT-"SOLE REASON"-ELEMENTS AND BURDEN OF PROOF and comments.

**DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 49**

**CIVIL RIGHTS—TITLE VII, § 1981, AND ORS 659A.03—DISPARATE TREATMENT—"SOLE REASON"—ELEMENTS AND BURDEN OF PROOF (*NATIONAL ORIGIN*)**

As to the plaintiff's claims that her national origin was the sole reason for the defendant's decisions to issue her an overall rating of "Needs Improvement" on her 2009 performance review, place her on a Written Warning, and/or terminate her employment, the plaintiff has the burden of proving by a preponderance of the evidence that the defendant took each of these actions solely because of the plaintiff's national origin.

If you find that the plaintiff has proved this element, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove this element, your verdict should be for the defendant.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 10.1B (2007).

**Defendant's Concise  Explanation:**  Plaintiff has brought a claim for disparate treatment on the basis of national origin.  This claim is independent and separate from plaintiff's claims of disparate treatment on other grounds; so, the jury should be provided an instruction specific to this claim.  Additionally, It is defendant's position that plaintiff should be required to meet the "sole factor" test with respect to the allegations related to disparate treatment on the basis of national origin.  Therefore, defendant respectfully submits Ninth Circuit Model Instruction No. 10.1B regarding national origin.

**Plaintiff's Concise Explanation:** See Plaintiff's Proposed Jury Instruction No. 4, CIVIL RIGHTS-TITLE VII, §1981, AND ORS 659A.03-DISPARATE TREATMENT-"SOLE REASON"-ELEMENTS AND BURDEN OF PROOF and comments.

**DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 50**

**KNOWLEDGE OF THE PLAINTIFF'S RACE AND/OR NATIONAL
ORIGIN BY THE DECISION MAKER**

The plaintiff cannot establish her claims of race and/or national origin discrimination unless she shows that one or more persons who caused the defendant to issue her an overall rating of "Needs Improvement" on her 2009 performance review, place her on a Written Warning, and/or terminate her employment had knowledge of her race and/or national origin.

Source:  *See, e.g., Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1193 (2011); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 146-47 (2000) (discrimination claim requires proof that the employee's protected characteristic(s) "actually played a role in [Chase's] decision-making process and had a determinative influence on the outcome."); *Robinson v. Adams*, 847 F.2d 1315 (9th Cir.1987) (race discrimination claim fails as a matter of law where "there is no showing by direct or indirect evidence that the decision-maker knew [the plaintiff's race]," since "[a]n employer cannot intentionally discriminate ... based on race unless the employer knows the applicant's race."), cert. denied, 490 U.S. 1105 (1989).  *Estes v. Lewis and Clark College*, 152 Or. App. 372, 382, 954 P.2d 792 (1998) (no discrimination found where there was no evidence that those making the employment decision had intent to discriminate).

---

**Defendant's Concise Explanation:**  It is likely that evidence will be presented demonstrating that a decision maker employed by defendant either 1) did not know of plaintiff's protected status when the decision was made, or 2) contemplated the decision prior to learning of the plaintiff's protected status.  Under Ninth Circuit law, the decision maker must have knowledge of the plaintiff's race and/or national origin or said knowledge cannot be the proximate cause of the adverse employment action. *Robinson v. Adams*, 847 F.2d 1315 (9th Cir. 1987).  Therefore, this instruction is required so

that the jury knows to examine the decision maker's knowledge at the time the employment decision was made.

**Plaintiff's Concise Explanation:**    The instructions on Motivating Factor and Sole Reason in Disparate Treatment cases provide accurate statements of the law on proving discrimination.  This instruction introduces a causal requirement that is confusing and misleading to the jury.

**DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 51**

**CIVIL RIGHTS—TITLE VII AND ORS 659A.03—DISPARATE TREATMENT—
"SOLE REASON"—ELEMENTS AND BURDEN OF PROOF (*SEX*)**

As to the plaintiff's claims that her sex was the sole reason for the defendant's decisions to issue her an overall rating of "Needs Improvement" on her 2009 performance review, place her on a Written Warning, and/or terminate her employment, the plaintiff has the burden of proving by a preponderance of the evidence that the defendant took each of these actions solely because of the plaintiff's sex.

If you find that the plaintiff has proved this element, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove this element, your verdict should be for the defendant.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 10.1B (2007).

**Defendant's Concise Explanation:** Plaintiff has brought a claim for disparate treatment on the basis of sex.  This claim is independent and separate from plaintiff's claims of disparate treatment on other grounds; so, the jury should be provided an instruction specific to this claim.  Additionally, It is defendant's position that plaintiff should be required to meet the "sole factor" test with respect to the allegations related to disparate treatment on the basis of sex.  Finally, this instruction is required because unlike plaintiff's claims of disparate treatment on the basis of race or national origin, plaintiff's claim for disparate treatment on the basis of sex does not arise under Section 1981 of Title

VII.  Therefore, defendant respectfully submits Ninth Circuit Model Instruction No. 10.1B regarding sex.


**Plaintiff's Concise Explanation:** See Plaintiff's Proposed Jury Instruction No. 4, CIVIL RIGHTS-TITLE VII, §1981, AND ORS 659A.03-DISPARATE TREATMENT-"SOLE REASON"-ELEMENTS AND BURDEN OF PROOF and comments.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 52**

**SEX STEREOTYPING**

Sex stereotyping occurs when an employer insists that an employee match a stereotype associated with his or her sex. An employer who takes an adverse employment action against a female employee because she does not conform to a commonly accepted stereotype related to her sex, has unlawfully taken action because of the employee's sex. As to the plaintiff's claim of unlawful sex discrimination through sex stereotyping, the plaintiff must prove by a preponderance of the evidence that the defendant decided to issue her an overall rating of "Needs Improvement" on her 2009 performance review, placed her on a Written Warning, and/or terminate her employment solely because she failed to conform to a commonly held sexual stereotype that females are submissive. Insubordination, personality conflicts, or unprofessional conduct are not female sexual stereotypes, and so, are lawful reasons for an employer to take an adverse employment action against a female employee.

Source: Price Waterhouse v. Hopkins, 490 U.S. 228, 250-51 (1989); Stegall v. Citadel Broad. Co., 350 F.3d 1061, 1072 (9th Cir. 2003); Holte v. Steiner Corp., No. 08-1329-AA, 2010 WL 1779965, at *7 (D. Or. Apr. 27, 2010); see also Ostrowski v. Atlantic Mutual Ins. Co., 968 F.2d 171 (2d Cir. 1992); FEDERAL EMPLOYMENT JURY INSTRUCTIONS, § 1.230 (2011).

**Defendant's Concise Explanation:** The parties agree that an instruction on sex stereotyping is appropriate. Defendant's Instruction 52 is clearer and a more accurate statement of the law in that it requires the jury to find (1) that a stereotype exists that a woman should be submissive to a man; and (2) that such a stereotype caused plaintiff's review, written warning and/or termination.

**Plaintiff's Concise Explanation:**  *See* Plaintiff's Proposed Jury Instruction No. 38, GENDER

STEREOTYPING - SEX DISCRIMINATION and comments.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 53**

**SAME ACTOR DEFENSE**

Where the same individual both hired and then took an adverse employment action against the plaintiff, including termination, within a relatively short time span, a strong inference exists that discrimination was not the reason for the adverse action.

Source: *Coghlan v. Am. Seafood Co. LLC.*, 413 F.3d 1090, 1097 (9th Cir. 2005) ("same-actor inference could be applied to cases where action took place over a period of time as long as three years"); *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270-71 (9th Cir. 1996); FEDERAL EMPLOYMENT JURY INSTRUCTIONS, § 3:440 (2011) (citing cases).

---

**Defendant's Concise Explanation:**  The jury will likely be presented evidence that the same individual(s) both hired plaintiff and took adverse employment actions against plaintiff.  Under Ninth Circuit law, if the hiring and adverse action happened within a short period of time, those individuals are entitled to a "strong inference" that they did not have discriminatory motives.  *Bradley v. Harcourt*, 104 F.3d 267, 270-271 (9th Cir. 1996).  The Ninth Circuit later clarified that "a short period of time" could be as long as three years.  *Coghlan v. Am. Seafood Co. LLC.*, 413 F.3d 1090, 1097 (9th Cir. 2005).  Therefore, the jury should be instructed regarding the applicability of this inference.

**Plaintiff's Concise Explanation:**  The same action defense does not apply.  Plaintiff alleges Russell Weldon did not find out that she was Iranian until after she was hired.  See the April 9, 2012 Opinion and Order on Defendant's Motion for Summary Judgment, p. 43.

**DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 54**

**CIVIL RIGHTS—TITLE VII, § 1981, AND ORS 659A.03
—RETALIATION—ELEMENTS AND BURDEN OF PROOF**

The plaintiff seeks damages against the defendant for retaliation.  The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.    The plaintiff engaged in or was engaging in an activity protected under federal law, that is she complained to defendant about race and/or national origin discrimination based on a reasonable belief that defendant discriminated against her based on her national origin and/or race.

2.    The employer subjected the plaintiff to an adverse employment action, that is she received an overall rating of "Needs Improvement" on her 2009 performance review, was placed on a Written Warning, and/or was terminated.

3.    The plaintiff received an overall rating of "Needs Improvement" on her 2009 performance review, was placed on a Written Warning, and/or was terminated solely because of her complaining to defendant in good faith about discrimination.

If you find that the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.  If the plaintiff has proved all three of these elements, the plaintiff is entitled to your verdict.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 10.3 (2007) and Comment, citing *Wrighten v. Metro. Hosps., Inc.*, 726 F.2d 1346, 1354–56 (9th Cir. 1984) ("Only reasonable opposition to the employment practice is protected by Title VII."); FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.02 (2005); *Pullela v. Intel Corp.*, 2010 WL 2942401, *15 (D.Or. May 6, 2010) (plaintiff failed to establish protected activity as a matter of law where "[t]he evidence does not establish that Pullela reported the conduct either with the subjective 'good faith' or objective 'reasonable belief' that the conduct would support a viable claim for discrimination."); *see also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (employee's complaint to her supervisors about a single sexually-charged workplace comment failed to establish protected activity as a matter of law because "[n]o reasonable person could have believed that the single incident recounted above violated Title VII's standard [for sexual harassment]."); *Moyo v. Gomez*, 40 F. 3d 982, 984 (9th Cir. 1994) (an erroneous belief that the employee engaged in an unlawful employment practice is actionable only "if [it is] premised on a mistake made in good faith"); *Strother v. S. Cal. Permanente Med. Group*, 79 F.3d 859, 868 (9th Cir. 1996) (in determining whether employee acted in good faith, "the factfinder may consider whether plaintiff's report or complaint was "brought in bad faith or meant to harass [the employer]").

---

**Defendant's Concise Explanation:** Defendant's proposed instruction, is a modified version of the

Ninth Circuit Model Instruction No. 10.3, which makes clear, in the wake of the Supreme Court's

holding in *Gross v. F.B.I. Fin. Servs.*, 106 F.E.P. 833 (Sup. Ct. 2009), that the protected activity must

be the sole reason for the adverse employment action – i.e., not merely a motivating factor. *Hayes*

*v. Sebelius*, 762 F. Supp. 2d 90, 115 (D.D.C. 2011), citing *Gross v. F.B.I. Fin. Servs.*, 106 F.E.P. 833

(Sup. Ct. 2009) (plaintiff "may not bring a motivating-factor retaliation claim under either *Price*

*Waterhouse*'s burden-shifting regime or under the motivating-factor provisions of the 1991 Act");

*Hardie v. Legacy Health Sys.*, 167 Or. App. 425, 435 (2000) ("The crux of the standard, regardless

of which phraseology is attached to it, is whether, in the absence of the [retaliatory] motive, the

employee would have been treated differently.") Particularly if the Court determines that a mixed

motive instruction is appropriate for plaintiff's disparate treatment claims, failing to include this

clarification that a different causation standard applies to plaintiff's retaliation claims could confuse and mislead the jury, and prejudice defendant by lowering plaintiff's burden of proof on her retaliation claims.

**Plaintiff's Concise Explanation:** See Plaintiff's Proposed Jury Instruction No. 10, CIVIL RIGHTS-TITLE VII,--RETALIATION–ELEMENTS AND BURDEN OF PROOF and comments.

## DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 55

## CIVIL RIGHTS—TITLE VII—"ADVERSE EMPLOYMENT ACTION" IN RETALIATION CASES[1]

An action is an "adverse employment action" if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable employee from making or supporting a charge of discrimination.  Normally, petty slights, minor annoyances, and simple lack of good manners will not create such deterrence.  Not every disagreeable workplace action constitutes retaliation; rather, retaliation must produce an objective injury or harm.


Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 10.4A.1 (2007) (modified); *see also Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68-69 (2006) ("[N]ormally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence"; "the standard for judging harm must be objective . . . It avoids the uncertainties and unfair discrepancies that can plague a judicial effort to determine a plaintiff's unusual subjective feelings."); *Hellman v. Weisberg*, 360 Fed. Appx. 776, 778 (9th Cir. 2009) (citations omitted) ("[N]ot every disagreeable workplace action constitutes retaliation; rather, retaliation must produce an 'injury or harm.'"); *Hardage v. CBS Broad. Inc.*, 427 F.3d 1177, 1189 (9th Cir. 2005), amended by 433 F.3d 672 and 436 F.3d 1050 (9th Cir. 2006) ("[O]nly non-trivial employment actions that would deter reasonable employees from complaining about Title VII violations will constitute actionable retaliation.").

**Defendant's Concise Explanation:**  The parties appear to be in agreement that the only adverse employment actions at issue for trial are the 2009 performance review, Written Warning, and termination.  As such, no instruction regarding the definition of adverse employment action is needed.

---

[1] It is defendant's position that pursuant to the Court's summary judgment ruling, plaintiff should not be permitted to introduce evidence or argument that any action or decision besides the 2009 performance review, Written Warning and termination constituted retaliation  In that event, no instruction on the "adverse action" is needed, since defendant agrees that the aforementioned decisions meet the *Burlington Northern* test.  However, defendant has included this proposed instruction in the event the Court permits plaintiff to obtain jury consideration of these claims.

If, however, the Court determines that such an instruction would aid the jury, defendant proposes this modified version of Ninth Circuit Model Instruction No. 10.4.A.1, which provides important clarification on types of actions that do not rise to the level of retaliation as a matter of law. Without this clarification, the jury might consider lesser employment actions as evidence of retaliation, which would prejudice the defendant.

**Plaintiff's Concise Explanation:** None provided.

**DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 56**

**KNOWLEDGE OF THE PLAINTIFF'S PROTECTED ACTIVITY
BY THE DECISION MAKER**

The plaintiff cannot establish her claim of retaliation unless she shows that one or more of the persons, who caused the defendant to take the adverse employment actions against her, had knowledge that she complained of national origin and/or race discrimination.

Source:  *See, e.g., Staub v. Proctor Hosp.*, 131 S. Ct. 1186, 1193 (2011); *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001) (the fact that employer transferred employee "one month after [it] learned of [the employee's] lawsuit" was "immaterial" to retaliation claim "in light of the fact that [the employer] concededly was contemplating the transfer before it learned of the suit"); *Raad v. Fairbanks North Star Borough School District*, 323 F.3d 1185, 1197 (9th Cir. 2003); *Delima v. Home Depot U.S.A., Inc.*, 616 F. Supp. 2d 1055 (D. Or. 2008) (granting summary judgment on plaintiff's retaliation claim where there was no evidence that manager who terminated plaintiff was aware of any protected conduct by plaintiff); *Estes v. Lewis and Clark College*, 152 Or. App. 372, 382, 954 P.2d 792 (1998) (no discrimination found where there was no evidence that those making the employment decision had intent to discriminate).

**Defendant's Concise Explanation:**  It is likely that evidence will be presented demonstrating that a decision maker employed by defendant either 1) did not know of plaintiff's protected status when the decision was made, or 2) contemplated the decision prior to learning of the plaintiff's protected status.  A decision maker, however, must have knowledge of the plaintiff's race and/or national origin at the time of the decision or said knowledge cannot be the proximate cause of the adverse employment action. *Clark County Sch. Dist. v. Breeden*, U.S. 268, 272, 121 S.Ct. 1508 (2001) (the fact that employer transferred employee "one month after [it] learned of [the employee's] lawsuit" was "immaterial" to retaliation claim "in light of the fact that [the employer] concededly was

contemplating the transfer before it learned of the suit").  Therefore, this instruction is necessary so that jury looks to when the decision maker learned of the plaintiff's protected status.

**Plaintiff's Concise Explanation:**  Plaintiff's instruction on Retaliation and Burden of Proof listed above provides accurate an statement of the law on proving retaliation.  This instruction introduces a causal requirement that is confusing and misleading to the jury.

## DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 57

## CLOSENESS IN TIME IS NOT ENOUGH TO PROVE RETALIATION

The plaintiff cannot prove that she was retaliated against merely by showing that the adverse employment action occurred soon after she complained of national origin and/or race discrimination. Instead, she must prove that the defendant would not have taken the adverse employment action if she had not complained of national origin and/or race discrimination.

Source:  *Franco v. Pier 1 Imports, Inc.*, 372 Fed. Appx. 803-05, (9th Cir. 2010) (unpublished) (affirming summary judgment on retaliation claim where employee's "poor service record ... pre-dated the disclosure of her medical condition" and had further issues "just a few days before her termination"; "temporal proximity alone is not sufficient to raise a triable issue as to pretext once the employer has offered evidence of a legitimate nondiscriminatory reason for the termination"); *Hayes v. Sebelius*, 762 F. Supp. 2d 90, 115 (D.D.C. 2011), citing *Gross v. F.B.I. Fin. Servs.*, 106 F.E.P. 833 (Sup. Ct. 2009) (plaintiff "may not bring a motivating-factor retaliation claim under either *Price Waterhouse*'s burden-shifting regime or under the motivating-factor provisions of the 1991 Act"); *Hardie v. Legacy Health Sys.*, 167 Or. App. 425, 435 (2000) ("The crux of the standard, regardless of which phraseology is attached to it, is whether, in the absence of the [retaliatory] motive, the employee would have been treated differently.").

**Defendant's Concise Explanation:**  The jury may be presented with evidence regarding the temporal proximity of the adverse employment actions and plaintiff's complaint of discrimination.  The Ninth Circuit, however, has held that "temporal proximity alone is not sufficient to raise a triable issue as to pretext once the employer has offered evidence of a legitimate nondiscriminatory reason for the termination." *Franco v. Pier 1 Imports, Inc.*, 372 Fed. Appx. 803-05 (9th Cir. 2010); *Franco v. Pier 1 Imports, Inc.*, 372 Fed. Appx. 803, 805 (9th Cir. 2010) (unpublished) (affirming summary judgment on retaliation claim where employee's "poor service record ... pre-dated the disclosure of her medical condition" and had further issues "just a few days before her termination").  Despite the clear law on

this point, people will naturally connect two events if they happen at or around the same time. Therefore, defendant will be prejudiced unless the jury is given this instruction stating that closeness in time alone is not sufficient evidence to prove retaliation.


**Plaintiff's Concise Explanation:**  The instruction on the elements of Retaliation provide sufficient guidance on the elements and burden of proof for retaliation claims.   Moreover, it is error to instruct on what is *not* the law.

## DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 58

## LACK OF CIVILITY IS NOT RETALIATION

Evidence that individuals employed by the defendant may have treated the plaintiff in a demanding or even a demeaning manner does not establish that the defendant retaliated against the plaintiff because she complained about national origin and/or race discrimination.  Discourteous or uncivil treatment does not constitute retaliation and cannot be used as a basis for finding liability against the defendant.

The law does not prohibit uncivil or discourteous conduct, or even the sporadic use of abusive language in the workplace.  Rather, it prohibits retaliation based upon an individual's engaging in protected conduct.

Source:  *Faragher v. City of Boca Raton*, 118 S. Ct. 2275, 2284 (1998) (civil rights laws must be construed "to ensure that [they do] not become a general civility code") (internal quotation omitted); *Oncale v. Sundowner Offshore Serv.*, 118 S. Ct. 998, 1002 (1998) (noting that civil rights should not be "expand[ed] into a general civility code").

---

**Defendant's Concise Explanation:**  Evidence may be presented showing that employees of defendant treated the plaintiff in a cool or demanding manner.  The law, however, is that liability is not created by every day work place disagreements or treating someone in a demanding manner.  *See Faragher v. City of Boca* Raton, 118 S. Ct. 2275, 2284 (1998); *Oncale v. Sundowner Offshore Serv.,* 118 S. Ct. 998, 1002 (1998).  Without this instruction defendant will be prejudiced because the jury may treat every neutral or unpleasant act as evidence of retaliation.

**Plaintiff's Concise Explanation:**  This instruction is a comment upon the evidence and the instructions on retaliation and adverse action instruct the jury on the element necessary to prove retaliation.  Moreover, it is error to instruct on what is *not* the law.

**DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 59**

**BUSINESS JUDGMENT**

In deciding the plaintiff's discrimination and retaliation claims against the defendant, you may not second-guess the defendant's decisions or substitute your judgment for the business judgment exercised by the defendant.  For example, you may not find in favor of the plaintiff simply because you may disagree with either the reasons offered by the defendant or the decisions that it reached, or because you believe that the defendant's decisions were incorrect or unreasonable, or because you think that another decision would have been fairer or better.  It does not matter whether the defendant's decisions were wise, fair, correct, or consistent with its policies.  Legitimate business decisions can be made without reference to formal policies, including decisions to discipline based on an employee's poor judgment or insubordination.  What matters is only whether the plaintiff's race, national origin, gender, or complaint of discrimination solely caused the defendant to issue her an overall rating of "Needs Improvement" on her 2009 performance review, place her on a Written Warning, and/or terminate her employment because she complained to the defendant about discrimination.

Source: *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981) ("The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose [the employer] to Title VII liability...."); *Furnco Constr. Corp. v. Waters*, 483 U.S. 567, 576-66 (1978); *Sharpe v. American Tel. & Tel. Co.*, 66 F.3d 1045, 1050 (9th Cir. 1995) (refusing to second-guess employer's ratings of employees for layoff:  "We have long held that discrimination laws are not intended as a vehicle for general judicial review of business decisions.") (internal quotations and citations omitted); *Odima v. Westin Tucson Hotel Co.,* 991 F.2d 595, 602 (9th Cir. 1993) (court "must not substitute its own judgment about whether the employment decisions were wise, or even fair, for that of the employer"); *Douglas v. Anderson,* 656 F.2d 528, 534 (9th Cir. 1981) (reason for termination decision need not meet with approval of judge or jury so long as it isn't based on protected class);*Medlock v. United Parcel Serv., Inc.,*  608 F.3d 1185, 109 FEP 1010 (10th Cir.

2010) (summary judgment affirmed against UPS driver discharged after work-related accident – alleged younger comparators had shown remorse for their misconduct, whereas the plaintiff did not – even though no formal policy of reinstating remorseful violators legitimate business decisions can be made without reference to formal policies – manager had right to make judgment regarding disciplinary relevance of an employee's acceptance of responsibilities – this is a classic case of business judgment which courts will not second-guess; *Everroad v. Scott Truck Sys., Inc.,* 604 F.3d 471, 109 FEP353 (7th Cir. 2010 ) (51-year-old employee who had been subject of complaints from co-workers complained about a co-worker's job performance – company owners met with plaintiff and co-worker – voices were raised, accusations exchanged, eyes were rolled, and tears were shed – the co-owners, who had hired plaintiff, decided to terminate her for insubordination – when so informed, plaintiff told the co-owners they were "nuts, crazy, insane" and "sick" and called the female co-owner a "f___ing bitch" – the Seventh Circuit affirmed summary judgment, finding that the insubordination undermined the discrimination claims in two ways: first, insubordination prevented the plaintiff from proving that she "met her employer's legitimate job expectations" which is part of the prima facie case; and, second, it was a nondiscriminatory reason for termination – allegations that she was treated differently from similarly situated male/younger employees were rejected since she could not show that the comparators had been similarly insubordinate). FED. CIV. JURY INSTRUCTIONS

OF THE SEVENTH CIRCUIT, § 3.07 (2005); FED. EMPLOYMENT JURY INSTRUCTIONS, § 1:1130 (2011).

**Defendant's Concise Explanation:**   The jury will likely hear evidence regarding the business decisions leading to defendant's actions taken against the plaintiff.  Without this instruction, the jury will assume that it is required to evaluate those business decisions.  Therefore, this rule is required so that the jury gives the proper deference to business decisions made by the defendant and does "not substitute its own judgment about whether the employment decisions were wise, or even fair, for that of the [defendant]."  *Odima v. Westin Tucson Hotel Co.*, 991 F.2d 595, 602 (9th Cir. 1993).

**Plaintiff's Concise Explanation:**   This instruction is confusing and not necessary because the instructions on discrimination and retaliation correctly state the law.  See *Alvarado v. Fed. Express Corp.*, 384 Fed. Appx. 585, 588 (9th Cir. Cal. 2010) ("The instructions given would not have permitted the jury to find for Boswell based merely upon finding that FedEx made an error in judgment, but only if it found that she was subjected to discrimination.")

Page 99 - PROPOSED JOINT JURY INSTRUCTIONS

**DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 60**

**CAUSATION**

An injury or damage is proximately caused by an act or failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in brining about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

You have heard evidence that more than one individual was involved in the defendant's decisions to take adverse employment actions against the plaintiff, that is to issue plaintiff an overall rating of "Needs Improvement" on her 2009 performance review, place her on a Written Warning, and terminate her employment.  To prove that the defendant took an adverse employment action because of bias against the plaintiff's race, national origin, sex, and/or complaint about discrimination, the plaintiff has the burden to prove that a biased decision maker proximately caused the defendant to take the adverse employment action.  Your verdict should be for the defendant if you find that unbiased decision makers decided that the adverse employment action was justified independent of any biased decision maker and without relying on any information provided by any biased decision maker.

Source: See, e.g., Staub v. Proctor Hosp., 131 S. Ct. 1186, 1193 (2011); NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 9.9 cmt.   9 (2007) (citing Lakeside-Scott v. Multnomah County, 556 F.3d 797, 799 (9th Cir. 2009); 3C O'Malley, Grenig & Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, § 171.62 (5th Ed. 2001).

---

**Defendant's Concise Explanation:**   There were multiple individuals involved in defendant's decision to take adverse employment action against the plaintiff.  Further, it is possible that the jury

will find that some of those individuals were biased while others were unbiased. Given this scenario,

the jury will need to be instructed that in order to find for the plaintiff, they must find that a biased

decision maker was the proximate cause of the adverse employment action.  This instruction is based

in part on the comments to Ninth Circuit Model Instruction No. 9.9.

**Plaintiff's Concise Explanation:**  This instruction is not necessary and adds confusion to the basic

instructions on discrimination and retaliation.

**DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 61**

**PERSONALITY CONFLICT DOES NOT ESTABLISH
DISCRIMINATION OR RETALIATION**

The plaintiff always bears the burden of proving that her national origin, race, sex and/or complaint of national origin and/or race discrimination caused the defendant to take the adverse employment actions against her.

If you find that the defendant's employment actions regarding the plaintiff were the result of a personality conflict, and not because of the plaintiff's national origin, race, sex and/or complaint of national origin and/or race discrimination, you must find in favor of the defendant on the plaintiff's claims.

Source:  *Wrighten v. Metropolitan Hosp., Inc.*, 726 F.2d 1346, 1354 (9th Cir. 1984) (setting forth the prima facie elements of proof); *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988), cert. denied, 488 U.S. 1006 (1989) ("The conduct which plaintiff asserts to be retaliatory appears to the Court to be more a reaction to a problem of clashing personalities than acts in retaliation for the filing of a discrimination complaint."); *Fuse v. Ariz. Bd. of Regents*, 2009 WL 2707237, *3 (D. Ariz. Aug. 4, 2009) (summary judgment granted when plaintiff "does not dispute defendants' evidence that plaintiff behaved in an aggressive and argumentative manner;" "[a]lthough personality conflicts are evident from the record, plaintiff's evidence does not support a reasonable inference that anyone involved with the [challenged] decision displayed any discriminatory animus based on race"); *Benetiz v. Portland General Elec.*, 799 F Supp 1075, 1079 (D Or 1992) (no intent to retaliate where those making the employment decision were not motivated by improper motives).

**Defendant's Concise Explanation:** As described in defendant's Trial Memorandum, it is likely that evidence will be presented regarding a personality conflict between some of the individuals involved in this case.  Given the presence of this evidence, the jury should be instructed that actions based upon a personality conflict are not evidence of retaliation.

**Plaintiff's Concise Explanation:**  This instruction is not necessary and adds confusion to the basic instructions on discrimination and retaliation.

## DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 62

## CIVIL RIGHTS—TITLE VII; § 1981; AND ORS 659-A.03 —DEFENSE—AFTER-ACQUIRED EVIDENCE

The defendant contends that it would have made the same decision to discharge the plaintiff because she misrepresented the nature of some of her sales calls by falsely describing personal calls as business calls.  If the defendant proves by a preponderance of the evidence that the defendant could have made the same decision and would have discharged the plaintiff because of plaintiff's misrepresented sales calls, you should limit any award of damages to the date the employer would have made the decision to discharge the plaintiff as a result of the plaintiff's misrepresented sales calls.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 10.5C (2007); *Naik v. Boehringer Ingelheim Pharms., Inc.,* 627 F. 3d 596, 110 FEP 1443 (7th Cir. 2010) (Age and national original suit – pharmaceutical sales rep terminated for falsifying sales calls – summary judgment affirmed – two reasons – not meeting employer's legitimate expectations – separately, misconduct is legitimate nondiscriminatory reason – not entitled to trial on whether actually falsified call reports – only issue is whether employer reasonably believed it – employer investigated, and no evidence to dispute reasonable belief).

---

**Defendant's Concise Explanation:** Defendant anticipates that it will present after acquired evidence demonstrating that it would have made the same decision to discharge the plaintiff.  Therefore, defendant respectfully submits Ninth Circuit Model Instruction No. 10.5C.

**Plaintiff's Concise Explanation:**  This instruction is a comment on the evidence.  The jury is should decide on their own if Plaintiff actually misrepresented sales calls.

**DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 63**

**DAMAGES—PROOF; MEASURE OF TYPES OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on her race, national original, or sex discrimination claim, or her retaliation claim, you must determine the plaintiff's damages.  If you find for the defendant on these claims, you will not consider plaintiff's alleged damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

The nature and extent of the injuries; and

The emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

In determining the plaintiff's pain and suffering, you may not consider any damages the plaintiff may have incurred as a result of this litigation and trial.

In determining the plaintiff's pain and suffering, you also may not consider any of plaintiff's prior medical or mental health conditions that were not caused or exacerbated by defendant's alleged conduct.

Further, in determining the plaintiff's pain and suffering, you also may not consider any damages the plaintiff may have incurred as a result of her own conduct, including failing to seek

medical treatment, failing to follow medical advice, and acting upon the non-medical advice of others,

including but not limited to the plaintiff's lawyer.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, §§ 5.1, 5.2 (2007) (modified second paragraph to include sentence regarding circumstances under which jury will not consider plaintiff's damages, and added last paragraph). *Knussman v. State of Maryland*, 272 F.3d 625, 641 (4th Cir. 2001) (finding that compensatory damages awarded to the plaintiff at trial were excessive because a large portion of the emotional difficulties suffered were linked to litigating that action). *See also Flowers v. First Hawaiian Bank*, 295 F. Supp.2d 1130, 1140 (D. Hawaii 2003); *Blakey v. Continental Airlines, Inc.*, 992 F. Supp. 731, 736 n. 3 (D. N.J. 1998); *Stoleson v. United States.*, 708 F.2d 1217, 1223 (7th Cir. 1983); *Picogna v. Bd. Of Ed.*, 671 A.2d 1035, 1038 (NJ 1996) ("the majority of courts addressing litigation-induced stress have treated it as a non-compensable component of damages").

---

**Defendant's Concise Explanation:** Defendant submits this instruction as a modified version of Ninth Circuit Model Instructions Nos. 5.1 and 5.2, which adds important clarification regarding non-compensable harm, including litigation stress and harm that plaintiff herself caused. *Knussman v. State of Maryland*, 272 F.3d 625, 641 (4th Cir. 2001) (finding that compensatory damages awarded to the plaintiff at trial were excessive because a large portion of the emotional difficulties suffered were linked to litigating that action). *See also Flowers v. First Hawaiian Bank*, 295 F. Supp.2d 1130, 1140 (D. Hawaii 2003); *Blakey v. Continental Airlines, Inc.*, 992 F. Supp. 731, 736 n. 3 (D. N.J. 1998); *Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir. 1983); *Picogna v. Bd. Of Ed.*, 671 A.2d 1035, 1038 (NJ 1996) ("the majority of courts addressing litigation-induced stress have treated it as a non-compensable component of damages"). Defendant expects non-compensable harm to be an issue because plaintiff's mental health records repeatedly reference stress from plaintiff's deposition and responding to discovery. These records also specifically state that plaintiff's lawyer

told her to isolate herself, which caused her to feel the isolation she identified as the sole symptom

of emotional distress at her deposition.


**Plaintiff's Concise Explanation:**  See Plaintiff's Proposed Jury Instruction No. 15 and comment.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 64**

**ITEMS NOT TO BE CONSIDERED IN DAMAGE CALCULATIONS**

If you find for the plaintiff, you may not factor attorneys' fees or court costs into any of your damage calculations. Attorneys' fees and court costs are separately provided for by law, and I will determine how they are to be calculated. You should not add to or subtract from any award to compensate for attorneys' fees or court costs.

Source: Fed. R. Civ. Proc. 54(d).

---

**Defendant's Concise Explanation:** Given the broad scope of harms that plaintiff has claimed as damages in this matter, the jury should be instructed specifically on what cannot be considered in their calculations. This instruction is based upon Federal Rule of Civil Procedure 54(d).

**Plaintiff'S Concise Explanation:** This instruction not necessary.

**DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 65**

**DAMAGES ARISING IN THE FUTURE - DISCOUNT TO PRESENT CASH VALUE** [1]

Any award for future economic damages, such as lost future wages, must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money which may be caused by future inflation.

Source: Ninth Circuit Manual of Model Jury Instructions, Civil, § 5.4 (2007).

---

**Defendant's Concise Explanation:** If the court allows jury to determine front pay - to which defendant objects - then the jury should be instructed that all awards for future economic damages should be discounted to their present value.  Therefore, defendant respectfully submits Ninth Circuit Model Instruction No. 5.4.

---

[1] It is defendant's position that the Court should decide plaintiff's entitlement to back pay and front pay.  Defendant has included this proposed instruction in the event the Court permits plaintiff to obtain jury consideration of these claims.

**DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 66**

**DAMAGES—MITIGATION**[1]

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to

avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 5.3 (2007).

_____

**Defendant's Concise Explanation:**  It is defendant's position that plaintiff's back pay and front pay

claims should be decided by the Court, making this instruction unnecessary.  Should the court,

however, allow the jury to issue an advisory position on plaintiff's damages, defendant respectfully

requests that Ninth Circuit Model Instruction No. 5.3 be used by the Court.  This instruction is clear

and concise and there is no basis for the modifications proposed by the plaintiff.

**Plaintiff's Concise Explanation:** *See* Plaintiff's Proposed Instruction No. 16 Damages - Mitigation.

_____

[1] It is defendant's position that the Court should decide plaintiff's entitlement to back pay and front pay.  Defendant has included this proposed instruction in the event the Court permits plaintiff to obtain jury consideration of these claims.

## DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 67

## PUNITIVE DAMAGES (ALTERNATIVE)

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts are contrary to the employer's own good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination.

An award of punitive damages would be appropriate in this case only if you find for plaintiff and then further find from a preponderance of the evidence:

First: That a higher management official of defendant personally acted with malice or reckless indifference to plaintiff's federally protected rights; and

Second: That defendant itself has not acted in a good faith attempt to comply with the law by

implementing policies and procedures designed to prohibit such discrimination in the workplace.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 5.5 (July 2008) (modified to omit references to "oppressive" conduct, plaintiff's "safety," and optional language inapplicable here; added ¶¶ 4-7). *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 527 (1999); *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 516-17 (9th Cir. 2000); NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 5.5 cmt. ¶¶ 2-4 (citing cases, including *Kolstad*, 527 U.S. at 536); *see also* FEDERAL EMPLOYMENT JURY INSTRUCTIONS, § 1:1323 (2011).

_____

**Defendant's Concise Explanation:**  If the jury finds for plaintiff, this modified version of Ninth Circuit Model Instruction No. 5.5 should be given to the jury.  The modifications are necessary to remove certain references and language that are inapplicable to the present action to clarify how the punitive damages standards apply specifically to plaintiff's claims, and to add the defense to punitive damages in the context of employment discrimination claims that was set forth in *Kolstad v. Am. Dental Ass'n*, 527 U.S. 527 (1999).

**Plaintiff's Concise Explanation:**    *See* Plaintiff's Instruction Nos. 18 and 19.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 68**

**[ALTERNATE INSTRUCTION]**

**10.1C CIVIL RIGHTS—TITLE VII, § 1981, AND ORS 659A.03—DISPARATE TREATMENT—"MOTIVATING FACTOR"—ELEMENTS AND BURDEN OF PROOF**[1]

As to the plaintiff's claim that her [race] [national origin] [sex] was a motivating factor for the defendant's decision to decisions to issue her an overall rating of "Needs Improvement" on her 2009 performance review, place her on a Written Warning, and/or terminate her employment, the plaintiff has the burden of proving by a preponderance that the plaintiff's [race] [national origin] [sex] was a motivating factor in each of these actions.

If you find that the plaintiff has failed to prove this element, your verdict should be for the defendant.  If the plaintiff has proved this element, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason.

If, however, the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiff's [race] [national origin] [sex] had played no role in the employment decision, your verdict should be for the defendant.

Source: Ninth Circuit Manual of Model Jury Instructions, Civil, § 10.1C (2007).

**Defendant's Concise Explanation:**  It is defendant's position that plaintiff should be required to meet the "sole factor" test set forth in Ninth Circuit Model Instruction No. 10.1B.  If, however, the

---

[1] It is defendant's position that plaintiff should be required to meet a but-for test for causation as to each disparate treatment claim.  Defendant proposes the bracketed language in the event the Court permits plaintiff to utilize a mixed motive test for any disparate treatment claim.

court determines that a mixed motive instruction is appropriate, defendant respectfully requests

that Ninth Circuit Model Instruction No. 10.1C be given to the jury.

**Plaintiff's Concise Explanation:** None provided.

## DEFENDANT'S  REQUESTED JURY INSTRUCTION NO. 69

## [ALTERNATE INSTRUCTION]

## 10.3 CIVIL RIGHTS—TITLE VII, § 1981, AND ORS 659A.03 —RETALIATION—ELEMENTS AND BURDEN OF PROOF[1]

The plaintiff seeks damages against the defendant for retaliation.  The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.        The plaintiff engaged in or was engaging in an activity protected under federal law, that is she complained to defendant about race and/or national origin discrimination based on a reasonable belief that defendant discriminated against her based on her national origin and/or race.

2.        The employer subjected the plaintiff to an adverse employment action, that is she received an overall rating of "Needs Improvement" on her 2009 performance review, was placed on a Written Warning, and/or was terminated.

3.        The plaintiff's complaint to defendant about national origin and/or race discrimination was a motivating factor in the defendant's decisions to issue her an overall rating of "Needs Improvement" on her 2009 performance review, place her on a Written Warning, and/or terminate her employment.

If you find that the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.  If the plaintiff has proved all three of these elements, the plaintiff is entitled to your verdict, unless the defendant has proved by a preponderance of the evidence that it would have made the same decision even if the plaintiff's complaint about race and/or national origin discrimination had played no role in the employment decision.  In that event, the defendant is entitled to your verdict, even if the plaintiff has met her burden of proof on all three of the above elements.

---

[1] It is defendant's position that plaintiff should be required to meet a but-for test for causation as to her retaliation claims.  Defendant proposes the bracketed language in the event the Court permits plaintiff to utilize a mixed motive test.

Source: NINTH CIRCUIT MANUAL OF MODEL JURY INSTRUCTIONS, CIVIL, § 10.3 (2007) and Comment, citing *Wrighten v. Metro. Hosps., Inc.*, 726 F.2d 1346, 1354-56 (9th Cir. 1984) ("Only reasonable opposition to the employment practice is protected by Title VII."); FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT, § 3.02 (2005); *Pullea v. Intel Corp.*, 2010 WL 2942401, *15 (D. Or. May 6, 2010) (plaintiff failed to establish protected activity as a matter where "[t]he evidence does not establish that Pullela reported the conduct either with the subjective 'good faith' or objective 'reasonable belief' that the conduct would support a viable claim for discrimination."); *see also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (employee's complaint to her supervisors about a single sexually-charged workplace comment failed to establish protected activity as a matter of law because "[n]o reasonable person could have believed that the single incident recounted above violated Title VII's standard [for sexual harassment]."); *Moyo v. Gomez*, 40 F. 3d 982, 984 (9th Cir. 1994) (an erroneous belief that the employee engaged in an unlawful employment practice is actionable only "if [it is] premised on a mistake made in good faith"); *Strother v. S. Cal. Permanente Med. Group*, 79 F.3d 859, 868 (9th Cir. 1996) (in determining whether employee acted in good faith, "the factfinder may consider whether plaintiff's report or complaint was "brought in bad faith or meant to harass [the employer]").

---

**Defendant's Concise Explanation:**  It is defendant's position that plaintiff should be required to meet a "but for" test for causation regarding the retaliation claims.  If, however, the court determines that a mixed motive instruction is appropriate, defendant respectfully requests that this Ninth Circuit Model Instruction No. 10.3 be given to the jury.

**Plaintiff's Concise Explanation:** None provided.